IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK KEVIN HADZEGA, )
  )
      Plaintiff, )
  )
      v. ) Civil Action No. 19-118-E
  )
COMMISSIONER OF SOCIAL SECURITY )
  )
      Defendant. )

O R D E R

AND NOW, this 23rd day of December, 2019, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C.§ 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     Plaintiff argues that the Administrative Law Judge ("ALJ") erred: (1) by failing to find that Plaintiff is disabled, due to his left arm impairment, according to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the Grids"); and (2) by failing to fully

1

account for Plaintiff's left knee impairment, resulting in a residual functional capacity ("RFC") assessment not supported by substantial evidence. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, Plaintiff contends that the ALJ erred in failing to find him to be disabled pursuant to Grid Rule 201.14. In his decision, the ALJ determined that Plaintiff retained the RFC to perform light work with additional limitations, including an inability to lift more than five pounds with his left arm. (R. 17). Plaintiff argues that the ALJ should have found that such RFC, in essence, limited Plaintiff to sedentary work which, under the Grids (and taking his age into consideration), would have directed a finding of "disabled" without any need to seek guidance from a Vocational Expert ("VE").

The Social Security regulations, however, provide ALJs with clear guidance in how to evaluate cases where a Plaintiff's RFC falls between the definitions of "sedentary work" and "light work" that are set forth in 20 C.F.R. 404.1567(a) and (b), including, in particular, where there is loss of use of an upper extremity. In such cases, the regulations dictate that an ALJ should properly seek the assistance of a VE to determine whether a sufficient occupational base remains to satisfy the minimal requirements for a finding of "Not disabled." See SSR 83-12, 1983 WL 31253, at *4 (1983). In the present case, since the ALJ found that Plaintiff could do light work with additional limitations (including greater restrictions in the use of his left arm), the ALJ obtained testimony from a VE, specifically asking him whether jobs exist that would be compatible with the exact limitations assessed in Plaintiff's RFC. (R. 60-73). In response, the VE testified that there were three types of jobs that an individual with Plaintiff's specific limitations could perform that exist in substantial numbers in the national economy, and he confirmed his answers upon significant follow-up questioning by Plaintiff's attorney and the ALJ. The Court therefore finds that the ALJ acted precisely in accordance with the regulations in seeking assistance from a VE in this case. The Court further finds that the VE provided sufficient testimony at the hearing to support the ALJ's decision. Accordingly, the Court finds no merit in Plaintiff's claim that the ALJ erred in his decision by relying on the VE's testimony rather than by simply finding Plaintiff to be disabled pursuant to the Grids.

Second, Plaintiff asserts that the RFC formulated by the ALJ failed to include adequate limitations related to Plaintiff's left knee impairment, and that the RFC is therefore not supported by substantial evidence. A claimant's RFC is the most that he or she can do despite his or her limitations. See 20 C.F.R. § 404.1545(a). The determination of a claimant's RFC is solely within the province of the ALJ. See 20 C.F.R. § 404.1527(d)(2). In formulating a claimant's RFC, the ALJ must weigh the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or her own limitations. See 20 C.F.R. §§ 404.1527, 404.1529, 404.1545. In this case, after reviewing the relevant evidence of record, the ALJ determined that, due to Plaintiff's impairments, he was capable of performing work at a light exertional level, with several specific additional limitations. (R. 17).

Upon careful consideration of the ALJ's decision and the record as a whole, the Court does not agree with Plaintiff's claim that, in formulating his RFC, the ALJ failed to provide

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 7) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 9) is GRANTED.

---

sufficient limitations to address his knee impairment. In his decision, the ALJ found that Plaintiff's severe impairments included his past knee surgeries, which consisted of left knee ACL reconstruction and meniscectomy. (R. 14). The ALJ thoroughly reviewed Plaintiff's knee injuries, surgeries and complaints, and summarized his follow-up treatments. The ALJ also discussed Plaintiff's activities of daily living, which included snowmobiling and cutting wood. (R. 20). The ALJ specifically explained that review of the evidence of record reasonably supports a finding that Plaintiff's alleged difficulty with standing and walking, as well as pain allegedly stemming from difficulty with his left leg, is accommodated by the lifting and carrying requirements of light exertion. (R. 19). Moreover, the ALJ found that, "[w]hen considered as a whole, the claimant's longitudinal medical record related to his left knee does not document functional limitations that would preclude sustaining light exertion or that would otherwise support the intensity or persistence of his subjective limitations related to his ability to stand or walk extended periods." (R. 20). Finally, the ALJ reinforced his conclusions by explaining that "review of [Plaintiff's] medical records fails to document a nature or scope of treatment or objective findings as would support the extent of limitation subjectively alleged," and that the record reflects Plaintiff "reporting to medical providers that he engages in a range of activities that far exceed the extent of daily activities reported during the course of his disability application process." (R. 24). The ALJ then reasonably concluded that, although Plaintiff alleged an inability to work above a sedentary level, "[w]hen considered as a whole, it is reasonable to find the claimant limited to a range of unskilled, light exertion because of the combined effects of his impairments, but a more restrictive finding is not supported by the evidence of record." (R. 24).

After careful review, the Court finds that the ALJ did not fail to include in his RFC adequate limitations related to Plaintiff's left knee impairment. Rather, the Court concludes that, after reviewing and engaging in significant discussion of the evidence of record, including medical evidence, opinion evidence, and Plaintiff's testimony, the ALJ reasonably determined that limiting Plaintiff to light work, including the corresponding lifting and carrying restrictions, adequately accommodated Plaintiff's left knee impairment.

As to any additional arguments mentioned summarily by Plaintiff in his brief, the Court finds that he has failed to establish how the ALJ's alleged failure to consider properly any additional evidence of record constitutes error.

Therefore, the Court finds that the ALJ did not err by relying on VE testimony rather than simply concluding that Plaintiff is disabled under the Grids. The Court further finds that the ALJ did not err by failing to provide adequate limitations related to Plaintiff's left knee impairment. Accordingly, the Court affirms.

s/ Alan N. Bloch
United States District Judge

ecf: Counsel of record